IN RE INTEREST OF C., E., A., AND H., CHILDREN
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. H.N., APPELLANT.
341 N.W.2d 605

Filed December 23, 1983. No. 83-164.

Kent E. Florom, Lincoln County Public Defender, for appellant.

James Mueller, Deputy Lincoln County Attorney, for appellee.

Richard A. Birch, guardian ad litem.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the order of the district court for Lincoln County, Nebraska, which affirmed the county court order terminating the parental rights of Harold to C., E., A., and H., children under the age of 18 years. Harold appeals. We review the matter de novo upon the record. *In re Interest of Goodon*, 208 Neb. 256, 303 N.W.2d 278 (1981).

An order of the juvenile court terminating parental rights must be supported by clear and convincing evidence. *In re Interest of R.D.J. and K.S.J.*, 215 Neb. 724, 340 N.W.2d 415 (1983).

In an amended petition filed in the county court, appellant was alleged to be an unfit parent by reason of debauchery, use of intoxicating liquor, and lascivious behavior, which conduct is seriously detrimental to the health, morals, or well-being of the children. Neb. Rev. Stat. § 43-209(4) (Reissue 1978). Both lower courts agreed with this allegation, thereby terminating appellant's parental rights.

While there are several alleged errors assigned and argued, including the reception of certain evidence, they need not be discussed, since the evidence about which there is no substantial dispute establishes conclusively the absolute unfitness of the appellant.

We will not detail the evidence except to note that appellant on a number of occasions engaged in

sexual acts with his children and the neighbors' children. He was convicted and is presently incarcerated for the offenses of first degree sexual assault.

The clear import of the evidence establishes that the appellant suffers from a psychotic disorder known as pedophilia, an adult individual's sexual preference for children. No reasonable prospect exists that the appellant can ever be cured of this disorder and, certainly, none exists that he can be cured within any reasonable time.

The district court was correct in affirming the decision of the county court terminating the parental rights of Harold.

The natural mother was shown by the evidence to have abandoned the children 5 years prior to the filing of the petition. She was served by published notice, after attempted service at the last and second last known addresses was unsuccessful. She did not appear at these proceedings and her parental rights were also terminated by the county court.

The judgment of the district court is affirmed.

AFFIRMED.